

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00022-CR

**MICHAEL DWAYNE CLARK,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2014-585-C2**

## CONCURRING OPINION

I believe the Court has erroneously applied the standard for sufficiency of the evidence to determine whether a person is an accomplice as a matter of law. The standard to determine whether an accomplice-as-a-matter-of-law instruction should be given is not dependent on whether the evidence establishes as a matter of law that the person is guilty of the offense or a lesser included offense. "A witness is an accomplice as a matter of law when the witness has been charged with the same offense as the

defendant or a lesser-included offense, or 'when the evidence clearly shows that the witness could have been so charged.'" Court's op. at p. 4. McQuirter was in possession of what she knew was two different types of contraband, marijuana and "crack or powder." She could have been charged with the same offenses as Clark.

There may be some evidence from which a fact finder could have concluded McQuirter was not aware the second category of contraband was heroin, but that does not mean she was not an accomplice as a matter of law. She could have been charged with possession of both the marijuana and the heroin. Furthermore, a fact finder could have rejected her feigned lack of knowledge that one of the substances was heroin rather than some other contraband and convicted her. McQuirter was an accomplice as a matter of law. The trial court's charge was erroneous by failing to instruct the jury properly.

Nevertheless, I find the charge error in allowing the jury to determine if she was an accomplice rather than instructing the jury that she was an accomplice as a matter of law harmless under the well-recognized test set out in *Almanza* and its progeny. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). I, too, would therefore overrule issue one.

As to the third issue, I must also note my disagreement with the Court. I believe the objection was sufficiently specific to inform the trial court what it was that counsel wanted and the basis for it. We have never required the objecting party to articulate the

specific rule number or statute under which the challenged conduct was proper.  The issue was, in my opinion, adequately preserved.  Nevertheless, I agree with the Court that the error was harmless.

Accordingly, I concur in the Court's judgment which affirms the trial court's judgment.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed October 8, 2015

